UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROTINGENT, INC, <br><br> Plaintiff, <br><br> v. <br><br> LISA GUSTAFSON-FEIS, <br><br> Defendant. | CASE NO. C20-1551 MJP <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME |

Plaintiff Protingent Inc. ("Protingent"), a Bellevue-based technical staffing firm specializing in information technology and engineering professionals, commenced this proceeding against its former employee, Lisa Gustafson Feis, to enforce provisions of its employee health-insurance plan and for equitable relief under Section 1132(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. (Dkt. No. 1.) In particular, Protingent seeks to recoup $73,326.54 it paid for medical care for injuries Ms. Feis suffered in a 2016 accident for which she received a settlement award of $150,000. (Dkt. No. 1.) Ms. Feis, who is pro se, joined Aetna Life Insurance Co. ("Aetna") and Rawlings

& Associates PLLC ("Rawlings") as third-party defendants. (Dkt. No. 9.) Protingent, Aetna, and Rawlings are represented by the same counsel.

The issue before the Court is Ms. Feis's Motion for an Extension of Time, (Dkt. No. 28). Ms. Feis asks the Court to adjourn "all matters" until September 1, 2021 due to a significant decline in health leading to an urgent need for multiple surgeries and anticipated recovery. (Dkt. No. 28.) Protingent, Aetna, and Rawlings jointly oppose the motion. (Dkt. Nos. 29, 30). After considering the Motion, the Response, and all relevant papers, the Court GRANTS the Motion, STAYS this proceeding until September 1, 2021, and STRIKES all interim deadlines. The Court will order a revised schedule.

**Background**

Protingent filed its complaint on October 19, 2020. (Dkt. No. 1.) After one extension, Ms. Feis filed her answer, which included counterclaims against Third-Party Defendants Aetna and Rawlings, on December 12, 2020. (Dkt. No. 9.) The Parties filed a stipulated motion to extend scheduling dates and time for the third-party defendants to answer the counterclaims (Dkt. Nos. 21, 22), which they did on January 29, 2021, (Dkt. No. 24).

The Parties filed a joint status report (JSR) on January 28. (Dkt. No. 23.) In the JSR, the Parties stated that they anticipated a three-month stay of the proceeding from February until May 1 because of health treatment Ms. Feis was scheduled to receive which would leave her unable to participate in litigation. Id. at 2–3. The Parties further stated that they would "work toward" exchanging initial disclosures by the Court's February 8 deadline but, if the Court granted their request for a three-month stay, they would instead exchange them by May 1. Id. at 3. The Court then set trial for May 2, 2022 and a schedule of related dates, including a deadline for joinder (March 1), amended pleadings (March 11), expert witness reports (October 4), motions

(November 3), the completion of discovery (December 3), dispositive motions (January 3, 2022), and the like. (Dkt. No. 25.)

On February, 1, consistent with the Parties' statements in the JSR, Ms. Feis filed a motion for an extension of time due to significant health issues and her surgery, scheduled for the next day. (Dkt. No. 26.) Ms. Feis noted the deadlines for joinder and amended pleadings and asked the Court to adjourn "all matters" to May 1. (Dkt. No. 26.) The Court granted the motion, which was unopposed, extending the deadlines for joinder and amended pleadings to May 1. (Dkt. No. 27.)

On April 23, Ms. Feis filed the instant motion. (Dkt. N. 28.) Ms. Feis asks the Court for a further extension and that "all matters" be adjourned until September 1. (Dkt. No. 28.) Ms. Feis explained that her health condition had deteriorated, rather than improved; the surgery she had on February 2 had failed; she requires specialized care in a trauma facility; and she expects "multiple, complex surgeries" with extensive recovery time. Id. She said she is "physically and mentally absolutely unable to participate." Id.

In their joint response, Protingent, Aetna, and Rawlings allege that Ms. Feis told them she would use the three-month stay to retain counsel or authorize her husband to litigate on her behalf if she became medically unable to participate but has done neither. (Dkt. No. 29, 30). They further claim that she has not provided any initial disclosures and argue that they would be prejudiced by a stay until September 1, just a month before the expert-disclosure deadline. (Dkt. No. 29 at 3.)

**Discussion**

When a party moves for an extension before a deadline has passed, the Court may grant the request for "good cause." Fed. R. Civ. P. 6(b)(1)(A). Courts construe this rule liberally so

that cases are decided on the merits. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258–59 (9th Cir. 2010) (reversing denial of motion to extend time). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" Id. at 1259 (quoting CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004).). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." Id.

Ms. Feis has established good cause. As an initial matter, the Parties anticipated and agreed to a three-month stay, from February until May 1, due to her health condition and scheduled surgery. (Dkt. No. 23 at 2–3.) The Parties also agreed in advance that this stay would encompass the deadline for initial disclosures. Id. As Ms. Feis explains in her motion, her situation has changed and she needs more time: her recent surgery failed, her health has deteriorated further, and she now needs multiple surgeries which will demand significant recovery. (Dkt. No. 28.) Ms. Feis also states that she did not move for an extension earlier because she did not yet know when she would have surgery but was just "worked into the surgeon's schedule on an urgent basis" for April 26. Id. Ms. Feis's explanation of her changed health condition, which goes unchallenged by the other Parties, is sufficient to establish good cause. See, e.g., Tater v. Oanda Corp., No. C19-0158-JLR, 2019 WL 1979319, at *2 (W.D. Wash. May 3, 2019) (moving party had medical complications related to a recent surgery); Young v. Pena, No. C18-1007-JLR, 2019 WL 461161, at *1 (W.D. Wash. Feb. 6, 2019) (significant health and financial burdens on moving party's attorney).

Nevertheless, Protingent, Aetna, and Rawlings allege that Ms. Feis acts in bad faith and that they will be prejudiced by a further stay. (Dkt. No. 29.) They have not established bad

faith. To the contrary, it appears from the record that Ms. Feis has acted in good faith under challenging circumstances. She notified them about her upcoming surgery and her need for recovery time, and the Parties agreed in advance to the May 1 stay. (Dkt. No. 23 at 2–3.) That surgery, apparently, did not go as planned, so she moved for an extension before the deadline. (Dkt. No. 28.)

It is difficult to assess the allegation by counsel for Protingent, Aetna, and Rawlings that they only agreed to the three-month stay based on Ms. Feis's representation that she would retain counsel or authorize her husband to litigate on her behalf. (Dkt. No. 30, Declaration of Joshua M. Howard) ("Howard Decl."). The Parties did not state this in the JSR; they stipulated to a three-month stay, not time for Ms. Feis to retain counsel or appoint her husband as her representative. (Dkt. No. 23 at 2–3.) In any case, Protingent, Aetna, and Rawlings have provided no authority to support the idea that Ms. Feis has an obligation to retain counsel or appoint her husband to litigate for her. (See generally Dkt. No. 29.) It appears on this record that Ms. Feis is responding in good faith to necessary health concerns. If she is unable to participate in litigation by September 1, the Court may consider whether to appoint a *guardian ad litem*. See Fed. R. Civ. P. 17(c).

Protingent, Aetna, and Rawlings have also not shown they would be prejudiced by a further stay. They state that Ms. Feis has not provided any initial disclosures and that September 1 is too close to other deadlines. (Dkt. No. 29 at 2–3.) But they are hardly in the dark; Ms. Feis interposed a detailed answer with seventy-four exhibits. (Dkt. No. 9.) And any prejudice from delay at this juncture can be remedied by a revised schedule. See Lemoge v. United States, 587 F.3d 1188, 1196 (9th Cir. 2009) ("Prejudice requires greater harm than simply that relief would delay resolution of the case.").

The clerk is ordered to provide copies of this order to all parties or their counsel.

Dated May 20, 2021.

*Marsha J. Pechman*

Marsha J. Pechman
United States Senior District Judge