UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROTINGENT, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>LISA GUSTAFSON-FEIS, an individual,<br><br>Defendant. | CASE NO. 2:20-cv-01551-TL<br><br>ORDER GRANTING WITHDRAWAL OF ATTORNEY AND STAYING CASE |

This matter comes before the Court on Seattle Litigation Group, PLLC and Greg Simpson's Amended Motion to Withdraw (Dkt. No. 49) and Defendant/Counter-Plaintiff Lisa Gustafsen-Feis' response to that motion (Dkt. No. 51). Having reviewed the relevant record, the Court GRANTS the motion to withdraw.

I. BACKGROUND

On June 14, 2022, Seattle Litigation Group, PLLC and Greg Simpson (counsel for Defendant) filed an amended motion to withdraw from their representation. Dkt. No. 49. Counsel

ORDER GRANTING WITHDRAWAL OF ATTORNEY AND STAYING CASE - 1

explained that they were retained on or about March 11, 2021, before which Defendant had represented herself *pro se* (without an attorney). *Id*. at 1. The representation "was to be strictly limited to settling the present matter." *Id*. Counsel for Defendant have stated that a conflict exists that prevents their continued representation of Defendant in this matter. *Id*. at 2. To avoid violating the Rules of Professional Conduct, counsel has not openly provided the specific reasons for the requested withdrawal. *Id*.

Counsel for Defendant claim that their withdrawal will not prejudice the other litigants, explaining that Defendant has ample time to secure alternative representation prior to trial, which is currently set for December 12, 2022, that Defendant has previously represented herself *pro se* in this matter, and that even though discovery closes on July 6, 2022, "there is likely no further discovery to conduct." *Id*. at 3.

Defendant/Counter-Plaintiff Lisa Gustafson-Feis has since filed a request that the Court deny her counsel's motion to withdraw. *See* Dkt. No. 51. Defendant states that "[a] fee dispute exists among the parties." *Id*. at 1. Defendant explained that she is seeking a new attorney via Legal Shield, referrals are in process, she would like sixty days to find new counsel (during which time she would like her current counsel to remain in place), and she is awaiting imminent scheduling of a major spine/pelvic surgery. *Id*. at 1–2.

Neither Plaintiff Protingent, Inc. nor any of the Third Party Defendants/Counter-Defendants have filed a response to the motion.

## II.   DISCUSSION

"No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court" if the withdrawal would leave the litigant unrepresented. *See* LCR 83.2(b)(1)–(3). District courts have discretion to approve or deny a motion to withdraw as counsel. *McNall v. Pac. Ret. Servs., Inc.*, 859 F. App'x 48, 49 (9th Cir. 2021) ("We review for an abuse of discretion

a district court's ruling on an attorney's motion to withdraw.") In civil cases in this district, withdrawal "will ordinarily be permitted" until sixty days before discovery closes. LCR 83.2(b)(1).

In assessing a motion to withdraw as counsel, the Court considers "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Russell v. Samec*, No. 2:20-cv-00263-RSM-JRC, 2021 WL 3130053, at *1 (W.D. Wash. July 23, 2021) (citation and quotation omitted).

Even though today is the close of discovery, and the motion to withdraw was filed less than sixty days in advance of this deadline, counsel for Defendant has represented that: (1) they have already sent Plaintiff and Counter-Defendants interrogatories and requests for production; and (2) there is unlikely to be any need for further discovery. Dkt. No. 49 at 3. No one has objected to this representation of the status of discovery, or to the representation that counsel was retained only for settlement purposes.

Turning to the motion to withdraw factors, a fee dispute is an appropriate ground for withdrawal. *See, e.g.*, *Samec*, 2021 WL 3130053, at *1. Withdrawal will not cause undue prejudice to Defendant, who is already in the process of obtaining a referral for substitute counsel and for whom trial is over five months away. *See* Dkt. No. 50 at 1–2; Dkt. No. 49 at 3. For the same reason, the withdrawal will not unreasonably delay resolution of the case. The Court also finds that the withdrawal would neither prejudice the other litigants nor harm the administration of justice.

### III. CONCLUSION

For the reasons above, the Court:

(1) GRANTS the amended motion to withdraw (Dkt. No. 49);

(2) GRANTS Defendant **sixty (60) days** to find a new lawyer to appear on her behalf in this matter, or to file a motion requesting additional time if needed due to the upcoming surgery;

(3) RE-NOTES the Motion for Partial Summary Judgment (Dkt. No. 42) to **thirty (30) days** after substitute counsel has appeared for Defendant, or after the Court receives notice that Defendant wishes to proceed *pro se*, whichever is earlier; and

(4) STAYS the case, including the upcoming dispositive motions deadline, to be reset after the issue of substitute counsel has been resolved.

Dated this 6th day of July 2022.

Tana Lin
United States District Judge