UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROTINGENT, INC., a Washington corporation,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>LISA GUSTAFSON FEIS, an individual,<br><br>　　　　　　　Defendant. | CASE NO. 2:20-cv-01551-TL<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on Defendant Lisa Gustafson-Feis' letter/motion for extension of time (Dkt. No. 56). Having reviewed the relevant record and governing law, the Court GRANTS the motion.

I.   BACKGROUND

On July 6, 2022, the Court granted defense counsel's motion to withdraw and stayed this case to allow Defendant time to retain new counsel. Dkt. No. 52. On August 26, 2022, Defendant requested additional time, explaining that due to health considerations including the need to schedule a "dangerous and highly complex surgery," she had "serious concerns about going back

to being a pro se litigant." Dkt. No. 54. The Court granted that unopposed request and stayed the proceedings until November 14, 2022. Dkt. No. 55. On November 10, 2022, Defendant requested another extension of the stay, explaining that she has an upcoming surgery on December 7, 2022, from which "recovery will be extensive," and that she had identified a potential attorney who still needed "2-3 weeks' time" to review records and decide whether to represent her in this matter. Dkt. No. 56. She requests the matter to be further stayed until January 14, 2023. *Id.*

Plaintiff/Counter-Defendant Protingent, Inc., and Counter-Defendants Aetna Life Insurance Company and Rawlings and Associates PLLC oppose the newest extension request. Dkt. No. 57. They insist that Defendant has not established that she would be prejudiced by a denial of her requested stay, that there has been significant delay in this matter, that Defendant is capable of proceeding *pro se*, and that she has been unable to obtain counsel despite "numerous stays." Dkt. No. 57 at 3. They also note that "Defendant has been granted approximately 12 months of stayed proceedings in this matter, based on repeated assurances that she was working to engage counsel." *Id.* The Court has, to date, granted a dozen requests for extensions for various deadlines from the parties, some of which were explicitly based on Defendant's health needs, such as upcoming surgeries. *See* Dkt. Nos. 6, 7, 15–17, 21–22, 26–28, 31–32, 34, 37, 40, 51–52, 54–55.

## II. DISCUSSION

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). This includes "discretionary power to stay proceedings in its own court." *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When a stay is proposed, the court must weigh the

competing interests impacted, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court has already been very generous in providing extensions in this matter. Given the complexity of Defendant's upcoming surgery, the significant recovery time it will likely require, her representation that she has identified potential counsel, and the lack of prejudice presented by the Plaintiff/Counter-Defendants in staying proceedings once more, the Court finds continuance of the stay to be appropriate.

Plaintiff/Counter-Defendants represent that they "do not object [to] a case schedule that accounts for Defendant's upcoming surgery to avoid case deadlines that conflict with [her] scheduled medical procedures." Dkt. No. 57 at 3. The Court expects the parties to cooperatively file a joint status report with a suggested updated case schedule when the stay is lifted.

### III.   CONCLUSION

For the above reasons, the Court GRANTS the motion for extension of time and STAYS the case for additional time, until January 14, 2023. Further requests for extensions shall be disfavored. The parties are further ORDERED to file an updated joint status report by January 16, 2023.

Dated this 1st day of December 2022.

Tana Lin
United States District Judge