UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROTINGENT, INC., a Washington corporation,<br><br>       Plaintiff,<br> v.<br><br>LISA GUSTAFSON-FEIS, an individual,<br><br>       Defendant. | CASE NO. 2:20-cv-01551-TL<br><br>ORDER ON MOTION FOR CHANGE OF VENUE |

This is a case to enforce the provisions of a health benefits plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). This matter is before the Court on Defendant's Motion for Change of Venue (the "Motion to Transfer"). Dkt. No. 59. Having considered Plaintiff's response (Dkt. No. 63) and the relevant record, the Court DENIES the Motion to Transfer.

      **I.**  **BACKGROUND**

Plaintiff Protingent, Inc., is a Washington corporation that self-funds and administers a health benefits plan (the "Plan") under ERISA. Dkt. No. 1 at 1. Defendant Lisa Gustafson-Feis is

a former employee of Plaintiff and is a covered person and beneficiary of the Plan. Dkt. No. 9 at 1; Dkt. No. 1 at 2. Defendant proceeds *pro se*, or without legal representation.

On or about June 5, 2016, Defendant was injured in a motor vehicle accident. Dkt. No. 1 at 2. As a result of the accident, the Plan paid medical benefits to Defendant. *Id*. Defendant later settled personal injury claims related to the motor vehicle accident, for which she received a sum of money. *Id*. at 5. Plaintiff brings the instant action to enforce a "Subrogation and Right of Recovery" provision of the Plan that entitles Plaintiff to recover a portion of the settlement funds equal to the paid medical benefits. *See id.* at 2–5. Defendant also brings counterclaims against Plaintiff and Third-Party Defendants Rawlings Company LLC and Aetna Life Insurance Company. *See* Dkt. No. 9.

Defendant now moves for a "change of venue" to the Northern District of New York. Dkt. No. 59. Plaintiff opposes. Dkt. No. 63.

## II. PRELIMINARY MATTER

While Defendant's motion is styled as a request for a "change of venue," it is unclear whether she is alleging improper venue, *see* 28 U.S.C. § 1406(a), requesting a transfer of venue, *see* 28 U.S.C. § 1404(a), or both. However, as Plaintiff rightly points out (Dkt. No. 63 at 6), Defendant was required to raise improper venue as a defense in her initial responsive pleading. Fed. R. Civ. P. 12(h)(1). Because Defendant did not raise this argument in a timely manner, any argument for improper venue is precluded and will not be considered by the Court. Therefore, the Court will only address the propriety of a transfer of venue pursuant to 28 U.S.C. § 1404(a).

## III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The movant

bears the burden of showing that a transfer is warranted. *Jones v. GNC Franchising*, 211 F.3d 495, 499 (9th Cir. 2000).

First, as a threshold matter and absent the consent of the parties to transfer venue, the movant must show that the transferee district or division is one in which the suit could have been brought in the first instance. *Id.*; *see also In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018). The power of the Court to transfer the suit to a particular district depends on whether, "[i]f when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of the defendant . . ." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (citation omitted). A suit "might have been brought" initially in a district where venue would have been proper and where the defendant would have been subject to personal jurisdiction. *See id.*

Second, a district court exercises its discretion to transfer venue "according to an individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498 (internal quotation marks omitted) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62–63, 62 n.6 (2013) ("[A] district court considering a [Section] 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations."). There is a "strong presumption in favor of Plaintiff's choice of forums," *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003), *vacated on other grounds*, 542 U.S. 952 (2004), particularly in ERISA cases, *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997) ("[A] plaintiff's choice of forum is accorded great deference in ERISA cases."), *rev'd on other grounds*, 525 U.S. 432 (1999). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Gherebi*, 352 F.3d at 1302 (quoting *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

## IV. DISCUSSION

Defendant asks the Court to transfer this action to the Northern District of New York. *See* Dkt. No. 59. She argues that the facts of the underlying personal injury matter, from which the disputed settlement funds originated, occurred in New York. *Id*. at 2, 4. Defendant also argues that she is in contact with an attorney in New York who could represent her in this matter. *Id*. at 3. Such a move, she argues, would be in the interest of judicial economy because the attorney and the judges who handled the personal injury matter are all in New York. *Id*. at 4.

Plaintiff argues first that this action could not have been brought in New York in the first instance. Dkt. No. 63 at 3–4. It argues that there would be no basis for jurisdiction over Defendant, as Defendant does not have continuous or systematic contacts with that forum, and that the instant action arises out of a health plan executed in Washington State for an employer and employees located there. *Id*. at 4. Plaintiff further argues that, even if this action could have been brought in New York, such a transfer would not be in the interest of justice or convenient for the Parties. *Id*. at 4–5. It points out that the instant action has been litigated in the Western District of Washington for more than two years, including the completion of discovery and the filing of various motions. *Id*. Further, it argues that the convenience of the parties and the interest of justice weigh heavily in favor of denial. *Id*. at 5.

The Court first determines whether the instant action might have originally been brought in the Northern District of New York, which is a prerequisite finding before the Court can determine whether transfer is warranted.

### A. Where the Action Might Have Been Brought

An ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Under this statute, a defendant is "found" wherever personal jurisdiction may be asserted over

1   that defendant based on "minimum contacts" with the forum. *Varsic v. U.S. Dist. Ct. for Cent.*
2   *Dist. of Cal.*, 607 F.2d 245, 248 (9th Cir. 1979); *see also Waeltz v. Delta Pilots Ret. Plan*, 301
3   F.3d 804, 809–10 (7th Cir. 2002) (adopting the *Varsic* test); *Moore v. Rohm & Haas Co.*, 446
4   F.3d 643, 646 (6th Cir. 2006) (same); *cf. I.A.M. Nat. Pension Fund v. Wakefield Indus.*, 699 F.2d
5   1254, 1257 (D.C. Cir. 1983) (applying the *Varsic* test to where a defendant "may be found" for
6   purpose of service of process).

7   The Court finds that this action may not be transferred to the Northern District of New
8   York because Defendant has not demonstrated that venue would have been proper in that district
9   in the first instance. *See* 28 U.S.C. § 1404(a); 29 U.S.C. § 1132(e)(2). First, the Plan is
10  administered by Plaintiff in Washington State. Dkt. No. 1 at 1. Second, the alleged breach also
11  took place in Washington State, where Plaintiff did not receive the funds that it believes are due
12  under the terms of the Plan. *See Bostic v. Ohio River Co. Basic Pension Plan*, 517 F. Supp. 627,
13  636 (S.D. W.Va. 1981) (adopting as federal common law the "majority view" of breach of
14  contract and holding that "breach" in ERISA venue provision occurs where plan beneficiary
15  would receive benefits); *Barnum v. Mosca*, No. C08-567, 2009 WL 982579, *3–4 (N.D.N.Y.
16  2009) (same); *Shields v. Am. Mar. Officers Pension Plan*, No. C06-1016Z, 2007 WL 9775501,
17  *1 (W.D. Wash. 2007) (same). Third, when the action began, Defendant was a resident of
18  Washington State. Dkt. No. 1 at 1; Dkt. No. 9 at 2.

19  The final possibility for venue under ERISA's venue provision—whether Defendant
20  "may be found" in the Northern District of New York—is more difficult to assess. Still, the
21  Court finds that Defendant could not be "found," as used in that provision, because Defendant
22  did not have "minimum contacts" with the proposed district. *Varsic*, 607 F.2d at 248; *see also*
23  *Dittman v. Dyno Nobel*, No. C97-1724, 1998 WL 865603, *4–5 (N.D.N.Y. 1998); *Seitz v. Bd. of*
24

*Tr. of the Pension Plan of the N.Y. State Teamsters Conf. Pension & Ret. Fund*, 953 F. Supp. 100, 102 (S.D.N.Y. 1997).

To evaluate whether a defendant has "minimum contacts" with a forum, a court first examines whether the defendant "purposefully avails" themselves of the forum to conduct activities there. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Then, the court examines whether the plaintiff's claims "arise out of or relate to the defendant's contacts" with the forum. *Ford Motor Co.*, 141 S. Ct. at 1025 (quoting *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 262 (2017)). If these requirements are satisfied, a court must also consider whether the assertion of jurisdiction based on these minimum contacts "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

In this case, Plaintiff, a Washington corporation, seeks equitable relief under ERISA to recover a portion of settlement funds that Defendant received from a personal injury suit in New York. *See* Dkt. No. 1. The suit concerned a motor vehicle accident that occurred while Defendant was visiting upstate New York. Dkt. No. 9 at 3. Following the accident, Plaintiff paid medical benefits that it now seeks to recoup under the Plan's "Subrogation and Right of Recovery" provision. Dkt. No. 1 at 2.

However, the instant action is a contractual dispute between the Parties as to whether the terms of the Plan entitle Plaintiff to equitable relief under ERISA to recover a portion of the settlement funds. This dispute does not arise out of or relate to the personal injury suit in New York because there is no activity or occurrence related to the contents of the Plan or Defendant's agreement to be bound by it that took place in New York. Nor does it depend on a finding of liability in the New York suit; indeed, in this case, the suit was settled, which resulted in a

financial recovery for Defendant. Dkt. No. 1 at 5. Put another way, Defendant could not foresee being "haled into court" in New York, *see Chew*, 143 F.3d at 28, for a dispute about the terms of a contract entered in Washington State between two citizens of Washington State. Aside from the personal injury suit, Defendant has not alleged any other contacts with New York prior to the commencement of the instant action. *See Bolden v. Summers*, 181 F. Supp. 2d 951, 955 (N.D. Ill. 2002) (finding that, in the context of removal, a dispute over the terms of an ERISA plan did not "arise out of the same set of facts" as a personal injury suit and "does not depend on a finding of liability" in that suit); *see also Dix v. Peters*, 374 F. Supp. 3d 213, 226 (N.D.N.Y. 2019) (holding that defendant insurer did not have "minimum contacts" with New York where accident occurred but defendant otherwise had no contacts with the state); *Davis v. Am. Fam. Mut. Ins. Co.*, 861 F.2d 1159, 1162–63 (9th Cir. 1988) (holding that defendant insurer did not have "minimum contacts" with Montana where defendant hired a claim adjustor in Montana but otherwise had no contacts with the state).

The Court finds that Defendant is not "found" in the Northern District of New York pursuant to the ERISA venue provision. *See* 28 U.S.C. § 1132(e)(2). Therefore, the Court also finds that it is not authorized to transfer this matter to the Northern District of New York.

**B.    Convenience and Fairness**

Even if the action might have been brought in the Northern District of New York, the Court finds that the convenience of the Parties and the interest of justice weigh against a change of venue. The Ninth Circuit has instructed that a court reviewing a motion to transfer venue shall consider the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs

>    of litigation in the two forums, (7) the availability of compulsory
>    process to compel attendance of unwilling non-party witnesses, . . .
>    (8) the ease of access to sources of proof . . . [, and (9)] the relevant
>    public policy considerations of the forum state . . . .

*Jones*, 211 F.3d at 498–99.

Most notably, Plaintiff's choice of the Western District of Washington (the third *Jones* factor) is entitled to deference and requires a "strong showing of inconvenience" to be overcome. *Gherebi*, 352 F.3d at 1302. Defendant's primary assertions are that she has been unable to secure counsel in Washington State; that she is in conversation with an attorney in New York; and that New York is the location of the personal injury suit. See Dkt. No. 59. If Defendant wishes for the New York attorney to represent her in this matter, that attorney may seek admission *pro hac vice* and work with local counsel here. Moreover, the instant action is an action to enforce the terms of a health plan under ERISA and will not meaningfully involve the attorneys, judges, witnesses, or other personnel involved in the personal injury suit, which has already settled. *See supra*, Section III.A. Defendant has not made a strong showing of inconvenience to overcome Plaintiff's choice of forum, which is where the Plan is administered, where Plaintiff claims entitlement to reimbursement, and where Plaintiff resides. *See also Nw. Adm'rs, Inc., v. Mission Trail Waste Sys., Inc.*, No. C14-0709, 2014 WL 12774813, *3 (W.D. Wash. July 16, 2014) (finding that plaintiff's choice of forum in ERISA action "does not create a situation where the court is litigating a claim that has little or no connection to the forum state" and thus finding deference to plaintiff's choice "wholly appropriate").

The other *Jones* factors also weigh against transfer of venue or are neutral. The Plan is a contract executed in Washington State for Washington State employees, including Defendant, and Defendant has alleged counterclaims under Washington State law (the first and second *Jones* factors). Dkt. No. 63 at 4; *see Case v. Generac Power Sys., Inc.*, No. C21-752, 2021 WL

4033299 (W.D. Wash. Sept. 3, 2021) (granting motion to transfer venue to forum where ERISA plan was administered, enacted, and breached). Both Plaintiff and Defendant were citizens of Washington State when the action was filed, and Plaintiff asserts that it "did nothing" in New York (the fourth *Jones* factor). Dkt. No. 1 at 1; Dkt. No. 63 at 4. Defendant has not offered any information regarding the differences in cost of litigation between the forum or the availability of compulsory process for non-party witnesses (the sixth and seventh *Jones* factors). Nor does Defendant offer any information regarding the ease of access to sources of proof, though "in this era of electronically stored documents, the cost of producing documents" in any particular forum "is minimal" (the eighth *Jones* factor). *Johnson v. Russell Invs. Trust Co.*, No. C21-743, 2019 WL 2084489, at *4 (W.D. Wash. Mar. 15, 2022). Finally, Washington State has a special interest in the resolution of this matter, as the Plan at issue is administered in the state (the ninth *Jones* factor). Dkt. No. 63 at 1; *see Rapp v. Henkel of Am., Inc.*, No. C18-1128, 2018 WL 6307904, at *5 (C.D. Cal. Oct. 3, 2018) (finding that forum where ERISA plan administered has "a strong interest in resolving the action").

      Ultimately, transfer of this matter would not be convenient to the parties nor in the interest of justice. This matter began in Washington State in October 2020, and both Parties have been engaged in discovery and motion practice in this District until Defendant filed the instant motion in January 2023. Neither Plaintiff nor Defendant is domiciled in New York. While Plaintiff is here and Defendant is now in Ohio, she was in Washington State when the action commenced. The Court is sympathetic to Defendant's personal circumstances and has granted Defendant's numerous motions for extensions of time, including motions for time to find new counsel. But these circumstances do not advise in favor of a transfer of venue at this stage in the case.

V. **CONCLUSION**

Accordingly, the Court DENIES Defendant's Motion for Change of Venue. Dkt. No. 59.

Dated this 2nd day of May 2023.

Tana Lin
United States District Judge