The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PROTINGENT, INC., a Washington corporation, | ) | CASE NO. 2:20-CV-1551-KKE |
| Plaintiff, | ) | |
| v. | ) | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES, COSTS, AND INTEREST |
| LISA GUSTAFSON-FEIS, an individual, | ) | |
| Defendant. | ) | |
| LISA GUSTAFSON-FEIS, an individual, | ) | |
| Counterclaim Plaintiff, | ) | |
| v. | ) | |
| PROTINGENT, INC., a Washington corporation; AETNA LIFE INSURANCE COMPANY, a Connecticut corporation; RAWLINGS & ASSOCIATES PLLC, a Kentucky professional limited liability company, | ) | |
| Counterclaim Defendants. | ) | |

This matter comes before the Court on Plaintiff Protingent, Inc.'s motion for an award of attorney's fees, costs, and interest. Dkt. No. 81. In a prior order, the Court found Protingent entitled to judgment in the amount of $73,326.54, and also entitled to recover its attorney's fees as the prevailing party. *See* Dkt. No. 80. The Court instructed Protingent to file a motion for fees,

with briefing on its entitlement to and calculation of pre- and post-judgment interest. *Id*. Protingent has now filed that motion and briefing (Dkt. Nos. 81–82), requesting an award of $67,676.00 in fees, $559.70 in costs, and "pre-judgment and post-judgment interest at a rate equal to the weekly 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding entry of judgment pursuant to 28 U.S.C. § 1961." Dkt. No. 81 at 2. Defendant Lisa Gustafson-Feis did not file an opposition to Protingent's motion. *See* Dkt. No. 83.

For the following reasons, the Court grants the motion as to Protingent's request for attorney's fees, denies the motion as to Protingent's request for an award of pre-judgment interest, and directs Protingent to file a separate bill of costs.

## I.    ATTORNEY'S FEES & PREJUDGMENT INTEREST

Protingent argues that it is entitled to recover the attorney's fees it expended in recovering the amounts owed to the Plan, as provided in the express terms of the Plan. Dkt. No. 69 at 17. Protingent also argues that, in the alternative, it is entitled to an award of discretionary fees under 29 U.S.C. § 1132(g) primarily because Gustafson-Feis litigated this matter in bad faith. *Id*. at 17–20. The Court will consider Protingent's alternative arguments.

**A.    Protingent is Entitled to Recover Attorney's Fees Under the Terms of the Plan.**

As the Court previously found, Protingent is entitled to recover its attorney's fees under the terms of the Plan. *See* Dkt. No. 80 at 11 (citing Dkt. No. 70-1 at 78 ("By accepting [benefits from the plan], you also agree to pay all attorneys' fees the plan incurs in successful attempts to recover amounts the plan is entitled to under this section.")).

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016). The court first

1   applies the two-step lodestar method, which requires the court to: (1) calculate the lodestar figure

2   by multiplying "the number of hours reasonably expended on a case by a reasonable hourly rate[,]"

3   in the context of "the prevailing market rate in the relevant community[;]" and (2) consider whether

4   to adjust the lodestar figure "based on a variety of factors" not considered in calculating the

5   lodestar figure. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023–24 (9th Cir. 2019) (cleaned up).

6           In this case, Protingent's counsel includes three attorneys, two associates and one partner

7   at the same law firm. *See* Dkt. No. 82 ¶¶ 2–4, 6. All three attorneys agreed to litigate this case at

8   a reduced hourly rate, and the associates took on the majority of the work performed to avoid

9   billing at the partner's higher rate. *Id*. ¶¶ 2–4. Associate Joshua Howard expended 212.4 hours at

10  a reduced rate of $295/hour, associate Maria Hodgins expended 10.3 hours at a reduced rate of

11  $210/hour, and partner Medora Marisseau expended 5.3 hours at a reduced rate of $345/hour. *See*

12  *id*., Dkt. No. 82-1.

13          The Court finds that these hourly rates are reasonable in the context of Seattle litigation

14  counsel, even when compared to rates that were found reasonable more than a decade ago. *See,*

15  *e.g.*, *Nat'l Prod., Inc. v. Aqua Box Prod., LLC,* No. 12-605-RSM, 2013 WL 12106900, at *2 (W.D.

16  Wash. Mar. 15, 2013) (finding $465–485/hour for partners and $205–300/hour for associates to

17  be reasonable rates for Seattle attorneys in 2013).

18          The Court also finds that the number of hours expended by counsel is reasonable. This

19  case has been pending for longer than three years and has involved significant motions practice.

20  The Court's review of the time report spreadsheet provided by Protingent's counsel does not reveal

21  any entries for excessive, redundant, or otherwise unnecessary billing. *See* Dkt. No. 82-1.

22          Multiplying counsel's rates by the hours expended results in a lodestar figure of

23  $66,676.00. *See* Dkt. No. 82-1 at 9. Protingent's counsel does not request an adjustment to the

lodestar figure, and the Court finds no reason to depart from the presumptively reasonable fee amount here. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("The lodestar amount is presumptively the reasonable fee amount[.]").

**B.      Protingent is Also Entitled to a Discretionary Award of Attorney's Fees Under 29 U.S.C. § 1132(g), but the Court Declines to Award Prejudgment Interest.**

As referenced above, Protingent also requests an award of attorney's fees and costs under 29 U.S.C. § 1132(g), as an alternative to its request for fees and costs under the terms of the Plan. A court has discretion to award reasonable attorney's fees and costs to either party in an action brought by a participant in an Employee Retirement Income Security Act of 1974 ("ERISA") plan. *See* 29 U.S.C. § 1132(g).   In exercising that discretion, courts should consider the following factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

Applying the *Hummel* factors to this case leads the Court to conclude that Protingent is entitled to a discretionary fee award under 29 U.S.C. § 1132(g).  The first, third, and fifth *Hummel* factors support an award of fees because a review of the docket in this case reveals that Gustafson-Feis did not act in good faith in pursuing a litigation position not supported by facts or law, an award of fees would deter others from frivolous challenges to subrogation rights under ERISA plans, and Protingent's position was well-supported under the relevant legal authorities.   The fourth *Hummel* factor also supports an award of fees because enforcement of the Plan's subrogation rights allows the Plan "to defray costs, costs that would undoubtedly need to be passed

to plan beneficiaries if subrogation was deemed unenforceable." *Swire Pac. Holdings, Inc. v. Jones*, No. C19-1329-RSM, 2020 WL 7059235, at *1 (W.D. Wash. Dec. 2, 2020) (cleaned up). The second *Hummel* factor weighs against an award of fees, however, because Gustafson-Feis has limited ability to satisfy an award of fees. *See, e.g.*, Dkt. No. 9-21 (detailing Gustafson-Feis's "catastrophic financial loss" she suffered after the injury that gave rise to the funds expended on her behalf, which are the subject of this lawsuit). Protingent has not argued to the contrary as to the second *Hummel* factor. *See* Dkt. No. 69 at 18–20.

As summarized here, most of the *Hummel* factors suggest that Protingent is entitled to a discretionary award of attorney's fees under 29 U.S.C. § 1132(g), and the Court thus finds that on either ground advanced by Protingent, Protingent is entitled to recover its attorney's fees.

To the extent that Protingent also requests an award of prejudgment interest (Dkt. No. 81 at 5–6), however, in consideration of Gustafson-Feis's limited ability to satisfy an award, the Court exercises its discretion to deny Protingent's request for prejudgment interest. *See Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir. 1995) ("Whether to award prejudgment interest to an ERISA plaintiff is 'a question of fairness, lying with the court's sound discretion, to be answered by balancing the equities.'" (quoting *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th Cir. 1985))).

## II.      COSTS

Protingent requests $559.70 in costs, to account for messenger services and court fees. *See* Dkt. No. 82-2. Protingent is directed to file a bill of costs with the clerk of Court. *See* Local Rules W.D. Wash. LCR 54.

//

//

### III.    CONCLUSION

The Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorney's fees, costs, and interest.  Dkt. No. 81.  It is hereby ORDERED that Plaintiff is entitled to an award of $66,676.00 from Defendant Lisa Gustafson-Feis, representing the reasonable attorney's fees incurred by Plaintiff in recovering the $73,326.54 owed to the Plan.

The Court will issue a separate judgment, and post-judgment interest is set at a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System for the calendar week preceding entry of judgment under 28 U.S.C. § 1961(a).

IT IS SO ORDERED this 26th day of March, 2024.


Kymberly K. Evanson
United States District Judge

ORDER - 6